UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. _____

ITZEL HUDEK,

    Plaintiff,

v.

TRUMP MIAMI RESORT
MANAGEMENT, LLC,

    Defendant.

_____/

## NOTICE OF REMOVAL

Defendant Trump Miami Resort Management, LLC (hereinafter, "Defendant" or "Trump"), hereby moves pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 for the removal of the above-styled cause of action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida to the United States District Court for the Southern District of Florida, Miami Division, on the grounds of diversity of citizenship, as follows:

**I.   INTRODUCTION AND PROCEDURAL HISTORY**

1. On or about May 19, 2014, Plaintiff Itzel Hudek ("Plaintiff" or "Hudek") filed an action in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, entitled *Itzel Hudek v. Trump Miami Resort Management, LLC,* Case No. 14-013110-CA-01 ("Circuit Court Action"). True and correct copies of all process, pleadings, orders and other papers or exhibits of every kind currently on file in the Circuit Court Action are attached hereto as Composite Exhibit "A."

2. Plaintiff's Amended Complaint asserts claims under the Florida Civil Rights Act, section 760.10, Florida Statutes, against Trump. However, the case stated by Plaintiff's initial and amended pleadings was not removable in that there is no clear statement of the damages sought. A copy of Plaintiff's Amended Complaint is contained in Composite Exhibit "A."

3. Shortly after the Amended Complaint was filed, Trump propounded interrogatories to Hudek on June 28, 2014. See Defendant's Notice of Service of Interrogatories, dated June 28, 2014, contained in Composite Exhibit "A."

4. On August 5, 2014, Plaintiff served her responses to Trump's interrogatories, in which she specifically identified the damages sought in this action. The pertinent excerpt of Plaintiff's interrogatory response is attached as Exhibit "B." Subsequently on August 20, 2014, Plaintiff's counsel also communicated to the undersigned Plaintiff's current settlement demand of $92,325.86.

5. Thus, this Notice of Removal is timely filed, pursuant to 28 U.S.C. § 1446(b), within thirty (30) days from the date on which Trump was served with the "other paper" from which it was first ascertained that the case is one which has become removable .

6. The District and Division embracing the place where this action is presently pending is the United States District Court for the Southern District of Florida, Miami Division. For the reasons stated above, this action is removable to this Court pursuant to the provisions of 28 U.S.C. § 1441.

7. Pursuant to 28 U.S.C. § 1446(d), Defendant provided written Notice of the Removal to the Plaintiff in this action. Defendant has also contemporaneously filed a copy of this Notice of Removal in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-

Dade County, Florida.  A copy of the Notice of Filing Notice of Removal is attached hereto as Exhibit "C."

8. As such, this case is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, and it is one that may be removed to this Court pursuant to 28 U.S.C. §§ 1441, 1446.  As more fully described below, the parties in interest to this matter are diverse and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

## II. DIVERSITY JURISDICTION

Pursuant to 28 U.S.C. §§ 1332 and 1441, this Court has diversity jurisdiction over this action in that the parties are citizens of different states and the amount in controversy exceeds $75,000.00.

### A. THE PARTIES TO THIS ACTION ARE DIVERSE

In order to qualify for diversity jurisdiction, there must be complete diversity between the parties, which means that no plaintiff may be a citizen of the same state as any defendant.  *Pease v. Medtronic, Inc.*, 6 F.Supp. 2d 1354, 1356 (S.D. Fla. 1998) (citing *Strawbridge v. Curtiss*, 7 U.S. 267 (1806) and *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1996) (*overruled on other grounds* by *Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir. 2000)).

Here, Plaintiff states she is a resident of Miami-Dade County, Florida.  *See* Amended Complaint at ¶ 3.  Accordingly, Plaintiff is a citizen of the State of Florida for purposes of diversity jurisdiction.  With regard to Trump, pursuant to 28 U.S.C. § 1332(c)(1), a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of any State where it has its principal place of business.  As set forth in Trump's 2014 Annual Report filed with the Florida Department of State's Division of Corporations, which is attached hereto as Exhibit "D," Trump is a foreign corporation that has its principal place of business in New York.  *See also* Trump's Answer and Affirmative Defenses at ¶ 6 (admitting Trump is a foreign limited

liability corporation), contained in Composite Exhibit "A."  Thus, Trump is *not* a corporate citizen of Florida for purposes of 28 U.S.C. § 1332, and there is complete diversity between the parties in interest to this action.

### B. AMOUNT IN CONTROVERSY EXCEEDS $75,000

The amount in controversy requirement is clearly satisfied here because Plaintiff's purported damages, exclusive of interest and costs, significantly exceed the $75,000 threshold. "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).  In matters where removal is based on diversity of citizenship, responses to discovery shall be treated as "other paper" for purposes of establishing the amount in controversy.  *See id*. at § 1446(c)(3)(A). "Other paper" also includes settlement offers, deposition testimony, and correspondence estimating damages.  *See also Lowery v. Alabama Power Co*., 483 F.3d 1184, 1213 (11th Cir. 2007) (internal citations omitted).

#### i. Plaintiff's Response To Trump's Interrogatories

As asserted in her answers to interrogatories, Plaintiff seeks lost wages in the form of back pay, front pay, and benefits.  *See* Exhibit "B."  Such damages must be considered to establish the jurisdictional minimum amount in controversy.  *See Destefano v. Home Shopping Network, Inc.*, 2006 U.S. Dist. LEXIS 11701  (M.D. Fla. 2006) (annual salary from date of termination *through trial* established jurisdictional minimum); *Brown v. Cunningham Lindsey U.S., Inc.*, 2005 U.S. Dist. LEXIS 38862, * 15 (M.D. Fla. 2005).  Plaintiff is seeking the recovery of back pay, plus two years of front pay with a 2% increase per year.  *See* Exhibit "B." At the time of her termination, Plaintiff earned $17 per hour, or $35,360 annually, in addition to

overtime pay.  *See* Silvia Pereda's Declaration, attached as Exhibit "E," at ¶ 5.  Thus, from the date of Plaintiff's termination in or about July 2013, through a trial date one year from filing this Notice of Removal (August 29, 2015), Plaintiff has potential *unmitigated* lost wages of approximately $73,661, excluding overtime pay, without any accounting for potential front pay, benefits, compensatory damages, or attorneys' fees as sought by Plaintiff.  *See* Exhibit "B."  Moreover, two years of front pay as sought by Plaintiff is equivalent to $70,720.  In itself, the lost wages sought by Plaintiff exceed the $75,000 amount in controversy required for removal to this Court.

In addition to lost wages, Plaintiff seeks non-economic compensatory damages, including emotional distress, humiliation, and embarrassment suffered as a result of the alleged discrimination.  *See* Exhibit "B"; *see also generally*, *Bartley v. Starwood Hotel & Resorts Worldwide, Inc.*, 2007 U.S. Dist. LEXIS 70535 (S.D. Fla. 2007) (general allegations of pain, mental anguish, scarring, disfigurement, loss of enjoyment of life, medical expenses, etc. sufficient to put defendant on notice that jurisdictional minimum was satisfied).  Even "garden-variety" compensatory damages in employment discrimination cases may significantly increase the amount in controversy.  *Brown*, 2005 U.S. Dist. LEXIS 38862 at * 17 (citing *Munoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340, 1348-49 (11th Cir. 2000)).

Plaintiff also seeks the recovery of attorneys' fees.  *See* Exhibit "B."  A reasonable estimate of such fees is included in assessing the amount in controversy.  *See Morrison v. Allstate Indem. Co.*, 228 F.3d 1255 (11th Cir. 2000) ("When a statute authorizes the recovery of attorneys' fees, a reasonable amount of those fees is included in the amount in controversy").  The Court can take judicial notice that attorneys' fees sought in similar employment termination cases approach or exceed the $75,000 threshold.  *See Alshakanbeh v. Food Lion, LLC*, 2007 U.S.

Dist. Lexis 20746, * 4 (M.D. Fla. 2007) (estimate of $40,000 for attorneys' fees in Jacksonville employment discrimination case was "conservative."). Given the scope of Plaintiff's allegations, "garden variety" attorneys' fees of $40,000 are a very conservative estimate of this potential component of the amount in controversy here.

Plaintiff's response to Trump's interrogatories, alone, satisfies the jurisdictional requirements of 28 U.S.C. § 1332. *See Mgmt. Health Sys., Inc. v. Access Therapies, Inc.*, 10-61792-CIV, 2011 WL 98320 (S.D. Fla. Jan. 12, 2011) ("…action became removable under the second sentence of 28 U.S.C. § 1446(b)'s removal requirement when [p]laintiff responded to [d]efendant's interrogatory that it would be seeking at least $250,000 in lost revenues and lost profits. Thus, [d]efendant established by a preponderance of the evidence that the amount in controversy here would be greater than the $75,000 jurisdictional amount.") (internal citations omitted); *see also Bechtelheimer v. Continental Airlines, Inc.*, 755 F.Supp.2d 1211 (M.D. Fla. 2010).

      **ii.**    **Plaintiff's August 20, 2014 Demand Letter**

In addition to Plaintiff's discovery responses, Plaintiff's August 20, 2014 demand letter constitutes "other paper" under 28 U.S.C. 1446(b), and satisfies the $75,000 jurisdictional threshold for removal under 28 U.S.C. § 1332. *See Golden v. Dodge–Markham Co.*, 1 F.Supp.2d 1360, 1364 (M.D. Fla. 1998). Plaintiff's correspondence, which demands $92,325.86 plus reinstatement in full settlement of her claims, specifically allocates the sum among lost wages, emotional distress, and attorneys' fees. Notwithstanding Plaintiff's discovery responses, this matter is now removable based on Plaintiff's August 20th correspondence. *See Reynolds v. Busch Entm't Corp.*, 2003 WL 25569730 (M.D. Fla. June 18, 2003) (defendant properly relied on plaintiff's offer, which contained a settlement demand in excess of $75,000, as the "other

paper" from which it could determine the case was removable because the amount in controversy requirement was satisfied) (internal citations omitted).

Considering the *cumulative* value of Plaintiff's potential claims for back pay, front pay, compensatory damages, and attorneys' fees, as specifically outlined in Plaintiff's sworn interrogatory responses and August 20, 2014 demand letter, Plaintiff's claims for discrimination—though vigorously contested by Trump—involves an amount in controversy in excess of $75,000, exclusive of interests and costs.

### III.   CONCLUSION

Diversity of citizenship exists between the parties in interest at the time Plaintiff commenced this action in state court, and it continues to exist as of the time of filing this Notice of Removal. Furthermore, the amount in controversy in this matter exceeds the $75,000 jurisdictional threshold. Thus, the jurisdictional requirements of 28 U.S.C. § 1332 are satisfied to warrant removal to this Court.

WHEREFORE, Defendant Trump Miami Resort Management, LLC requests that this action, now pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, be removed to the United States District Court for the Southern District of Florida, Miami Division.

Dated:  this 29th day of August 2014.        Respectfully submitted,

By: */s/ Jorge Zamora, Jr.*
Jonathan A. Beckerman
Florida Bar No.: 0568252
E-mail: jabeckerman@littler.com
Jorge Zamora, Jr.
Florida Bar No.: 0094713
E-mail: jzamora@littler.com
LITTLER MENDELSON, P.C.
Wells Fargo Center
333 SE 2nd Avenue, Suite 2700
Miami, FL  33131

Attorneys for Defendant
*Trump  Miami Resort Management, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of August 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in a manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Jorge Zamora, Jr.*
Jorge Zamora, Jr.

## SERVICE LIST

**COUNSEL FOR PLAINTIFF:**
Rachel L. Goldstein, Esq.
Florida Bar No.: 0095973
E-Mail: rgoldstein@justdigit.org
Matthew W. Dietz, Esq.
Florida Bar No.: 0084905
E-mail: mdietz@justdigit.org
DISABILITY INDEPENDENCE GROUP, INC.
2990 Southwest 35th Avenue
Miami, Florida 33133
Telephone: (305) 669-2822
Facsimile: (305) 442-4181
[Via Notice of Electronic Filing]

**COUNSEL FOR DEFENDANT:**
Jonathan A. Beckerman
Florida Bar No.: 0568252
E-mail: pfmartin@littler.com
Jorge Zamora, Jr.
E-mail: jzamora@littler.com
Florida Bar No.: 0094713
LITTLER MENDELSON, P.C.
Wells Fargo Center
333 SE 2nd Avenue, Suite 2700
Miami, Florida 33131
Tel: 305.400.7500
Fax: 305.603.2552
[Via Notice of Electronic Filing]

Firmwide:128613331.1 073227.1008