Miami-Dade County Clerk - Civil Court Online System - Docket Information                    Page 1 of 1

 

🛒 0 Item(s) in Basket                    Home    Online Services    About us    Contact us

## Civil Court Online System - Docket Information

BACK TO SEARCH RESULTS          ALL PARTIES          START A NEW SEARCH

**HUDEK, ITZEL vs TRUMP MIAMI RESORT MANAGEMENT LLC**
\* Click on BOOK/PAGE of a particular docket to see the image if it is available \*

Case Number (LOCAL): 2014-13110-CA-01 Dockets Retrieved: 9          Filing Date: 05/19/2014
Case Number (STATE): 13-2014-CA-013110-0000-01          Judicial Section: 06

| Date | Book/Page | Docket Entry | Comments |
|------|-----------|--------------|----------|
| 06/28/2014 | | NOTICE OF INTERROGATORY | |
| 06/27/2014 | | ANSWER AND AFFIRMATIVE DEFENSE | ATTORNEY:00568252 DN01 |
| 06/12/2014 | | ORDER TO AMEND COMPLAINT | |
| 06/12/2014 | | MOT TO FILE AMENDED COMPLAINT | |
| 05/21/2014 | | SUMMONS ISSUED | DN01 |
| 05/20/2014 | | EFILE NUMBER | : 13841707 |
| 05/19/2014 | | COMPLAINT | |
| 05/19/2014 | | CIVIL COVER | |
| 05/19/2014 | | DEMAND FOR JURY TRIAL | |

BACK TO SEARCH RESULTS          ALL PARTIES          START A NEW SEARCH

Civil Search Home | Civil Court Information | Email | Login
Home | Privacy Statement | Disclaimer | Contact Us | About Us
2008 Clerk of the Court. All Rights reserved.

MIAMI-DADE
COUNTY

S0142976

STATE OF FLORIDA, COUNTY OF MIAMI-DADE
I HEREBY CERTIFY that the foregoing is a true and correct copy of the
original on file in this office.         AUG 7 2014
HARVEY RUVIN, CLERK of Circuit and County Courts
Deputy Clerk
GUADALUPE FLEITAS

Filing # 13841707 Electronically Filed 05/19/2014 05:01:04 PM

☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION | | CASE NUMBER |
|---|---|---|
| ☒ CIVIL | **CIVIL COVER SHEET** | |
| ☐ DISTRICTS | | |
| ☐ FAMILY | | |
| ☐ OTHER | | |

| PLAINTIFF | VS. DEFENDANT | CLOCK IN |
|---|---|---|
| ITZEL HUDEK | TRUMP MIAMI RESORT MANAGEMENT LLC | |

The civil cover sheet and the information contained here does not replace the filing and service of pleadings or other papers as required by law. This form is required by the Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statute 25.075. See instructions and definitions on reverse of this form.

**TYPE OF CASE** (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x in both the main category and subcategory boxes.

☐ 001 - Eminent Domain
☐ 003 - Contracts and Indebtedness
☐ 010 - Auto Negligence
☐ 022 - Products Liability
☐ 023 - Condominium
☐ **Negligence - Other**
  ☐ 097 - Business Governance
  ☐ 098 - Business Torts
  ☐ 099 - Environmental/Toxin Tort
  ☐ 100 - Third Party Indemnification
  ☐ 101 - Construction Defect
  ☐ 102 - Mass Tort
  ☐ 103 - Negligent Security
  ☐ 104 - Nursing Home Negligence
  ☐ 105 - Premises Liability - Commercial
  ☐ 106 - Premises Liability - Residential
  ☐ 107 - Negligence - Other
☐ **Real Property/Mortgage Foreclosure**
  ☐ 108 - Commercial Foreclosure $0 - $50,000
  ☐ 109 - Commercial Foreclosure $50,001 - $249,999
  ☐ 110 - Commercial Foreclosure $250,000 - or more
  ☐ 111 - Homestead Residential Foreclosure $0 - $50,000
  ☐ 112 - Homestead Residential Foreclosure $50,001 - $249,999
  ☐ 113 - Homestead Residential Foreclosure $250,000 or more
  ☐ 114 - Non-Homestead Residential Foreclosure $0 - $50,000
  ☐ 115 - Non-Homestead Residential Foreclosure $50,001 - $249,999
  ☐ 116 - Non-Homestead Residential Foreclosure $250,000 or more
  ☐ 117 - Other Real Property Actions $0 - $50,000
  ☐ 118 - Other Real Property Actions $50,001 - $249,999

  ☐ 119 - Other Real Property Actions $250,000 or more
☐ **Professional Malpractice**
  ☐ 094 - Malpractice - Business
  ☐ 095 - Malpractice - Medical
  ☐ 096 - Malpractice - Other professional
☒ **Other**
  ☐ 120 - Antitrust/Trade Regulation
  ☐ 121 - Business Transactions
  ☐ 122 - Constitutional Challenge - Statute or Ordinance
  ☐ 123 - Constitutional Challenge - Proposed amendment
  ☐ 124 - Corporate Trust
  ☒ 125 - Discrimination - Employment or Other
  ☐ 126 - Insurance Claims
  ☐ 127 - Intellectual Property
  ☐ 128 - Libel/Slander
  ☐ 129 - Shareholder Derivative Action
  ☐ 130 - Securities Litigation
  ☐ 131 - Trade Secrets
  ☐ 132 - Trust Litigation
☐ **133 - Other Civil Complaint**
  ☐ 009 - Bond Estreature
  ☐ 014 - Replevin
  ☐ 024 - Witness Protection
  ☐ 080 - Declaratory Judgment
  ☐ 081 - Injunctive Relief
  ☐ 082 - Equitable Relief
  ☐ 083 - Construction Lien
  ☐ 084 - Petition for Adversary Preliminary Hearing
  ☐ 085 - Civil Forfeiture
  ☐ 086 - Voluntary Binding Arbitration
  ☐ 087 - Personal Injury Protection (PIP)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐  No ☒

REMEDIES SOUGHT (check all that apply):

☒ monetary;

☒ non-monetary declaratory or injunctive relief;

☒ punitive

NUMBER OF CAUSES OF ACTION: [ 2 ]

(specify)  Employment discrimination, including Sex discrimination and Disability discrimination

IS THIS CASE A CLASS ACTION LAWSUIT?

☐ Yes

☒ No

HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?

☒ No

☐ Yes   If "Yes", list all related cases by name, case number, and court.

IS JURY TRIAL DEMANDED IN COMPLAINT?

☒ Yes

☐ No

A TRUE COPY
CERTIFICATION ON LAST PAGE
HARVEY RUVIN, CLERK

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature _____   Florida Bar # _____0084905_____
            Attorney or party                                    (Bar # if attorney)

Matthew W. Dietz _____            _____5-19-14_____
(type or print name)                                     Date

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET

Plaintiff must file this cover sheet with first paperwork filed in the action or proceeding (except small claims cases or other county court cases, probate, or family cases). Domestic and juvenile cases should be accompanied by a completed Florida Family Law Rules of Procedure Form 12.928, Cover Sheet for Family Court Cases. Failure to file a civil cover sheet in any civil case other than those excepted above may result in sanctions.

**I. Case Style.** Enter the name of the court, the appropriate case number assigned at the time of filing of the original complaint or petition, the name of the judge assigned (if applicable), and the name (last, first, middle initial) of plaintiff(s) and defendant(s).

**II. Type of Case.** Place an "X" in the appropriate box. If the cause fits more than one type of case, select the most definitive. If the most definitive label is a subcategory (indented under a broader category label, place an "X" in the category and subcategory boxes. Definitions of the cases are provided below in the order they appear on the form.

(A) Condominium - all civil lawsuits pursuant to Chapter 718, Florida Statutes, in which a condominium association is a party.

(B) Contracts and indebtedness - all contract actions relating to promissory notes and other debts, including those arising from sale of goods, but excluding contract disputes involving condominium associations.

(C) Eminent domain - all matters relating to the taking of private property for public use, including inverse condemnation by state agencies, political subdivisions, or public service corporations.

(D) Auto negligence - all matter arising out of a party's allegedly negligent operation of a motor vehicle.

(E) Negligence-other - all actions sounding in negligence, including statutory claims for relief on account of death or injury, that are not included in other main categories.

(F) Business governance - all matters relating to the management, administration, or control of a company.

(G) Business torts - all matters relating to liability for economic loss allegedly caused by interference with economic or business relationships.

(H) Environmental/Toxic tort - all matters relating to claims that violations of environmental regulatory provisions or exposure to a chemical caused injury or disease.

(I)  Third party indemnification - all matters relating to liability transferred to a third party in a financial relationship.

(J) Construction defect - all civil lawsuits in which damage or injury was allegedly caused by defects in the construction of a structure.

(K) Mass tort - all matters relating to a civil action involving numerous plaintiffs against one or more defendants.

(L) Negligent security - all matters involving injury to a person or property allegedly resulting from insufficient security.

(M) Nursing home negligence - all matters involving injury to a nursing home resident resulting from negligence of nursing home staff or facilities.

(N) Premises liability-commercial - all matters involving injury to a person or property allegedly resulting from a defect on the premises of a commercial property.

(O) Premises liability-residential - all matters involving injury to a person or property allegedly resulting from a defect on the premises of a residential property.

(P) Products liability - all matters involving injury to a person or property allegedly resulting from the manufacture or sale of a defective product or from a failure to warn.

(Q) Real property/Mortgage foreclosure - all matters relating to the possession, title, or boundaries of real property. All matters involving foreclosures or sales of real property, including foreclosures associated with condominium associations or condominium units.

(R) Commercial foreclosure - all matters relating to the termination of a business owner's interest in commercial property by a lender to gain title or force a sale to satisfy the unpaid dept secured by the property. Check the category that includes the estimate of the amount in controversy of the claim (section 28.241, Florida Statutes).

(S) Homestead residential foreclosure - all matters relating to the termination of a residential property owner's interest by a lender to gain title or force a sale to satisfy the unpaid debt secured by the property where the property has been granted a homestead exemption. Check the category that includes the estimate of the amount in controversy of the claim (section 28.241, Florida Statutes).

(T) Non-homestead residential foreclosure - all matters relating to the termination of a residential property owner's interest by a lender to gain title or force a sale to satisfy the unpaid debt secured by the property where the property has not been granted a homestead exemption. Check the category that includes the estimate of the amount in controversy of the claim (section 28.241, Florida Statutes).

(U) Other real property actions - all matters relating to land, land improvements, or property rights not involving commercial or residential foreclosure. Check the category that includes the estimate of the amount in controversy of the claim (section 28.241, Florida Statutes).

(V) Professional malpractice - all professional malpractice lawsuits.

(W) Malpractice-business - all matters relating to a business's or business person's failure to exercise the degree of care and skill that someone in the same line of work would use under similar circumstances.

(X) Malpractice-medical - all matters relating to a doctor's failure to exercise the degree of care and skill that a physician or surgeon of the same medical specialty would use under similar circumstances.

(Y) Malpractice-other professional - all matters relating to negligence of those other than medical or business professionals.

(Z) Other - all civil matters not included in other categories.

(AA) Antitrust/Trade regulation - all matters relating to unfair methods of competition or unfair or deceptive business acts or practices.

(AB) Business transactions - all matters relating to actions that affect financial or economic interests.

(AC) Constitutional challenge-statute or ordinance - a challenge to a statute or ordinance, citing a violation of the Florida Constitution.

(AD) Constitutional challenge-proposed amendment - a challenge to a legislatively initiated proposed constitutional amendment, but excluding challenges to a citizen-initiated proposed constitutional amendment because the Florida Supreme Court has directed jurisdiction of such challenges.

(AE) Corporate trust - all matters relating to the business activities of financial services companies or banks acting in a fiduciary capacity for investors.

(AF) Discrimination-employment or other - all matters relating to discrimination, including employment, sex, race, age, handicap, harassment, retaliation, or wages.

(AG) Insurance claims - all matters relating to claims filed with an insurance company.

(AH) Intellectual property - all matters relating to intangible rights protecting commercially valuable products of the human intellect.

(AI) Libel/Slander - all matters relating to written, visual, oral, or aural defamation of character.

(AJ) Shareholder derivative action - all matters relating to actions by a corporation's shareholders to protect and benefit all shareholders against corporate management for improper management.

(AK) Securities litigation - all matters relating to the financial interest or instruments of a company or corporation.

(AL) Trade secrets - all matters relating to a formula, process, device, or other business information that is kept confidential to maintain an advantage over competitors.

(AM) Trust litigation - all civil matters involving guardianships, estates, or trusts and not appropriately filed in probate proceedings.

---

**III. Remedies Sought.** Place an "X" in the appropriate box. If more than one remedy is sought in the complaint or petition, check all that apply.

**IV. Number of Causes of Action.** If the complaint or petition alleges more than one cause of action, note the number and the name of the cause action.

**V. Class Action.** Place an "X" in the appropriate box.

**VI. Related Cases.** Places an "X" in the appropriate box.

**VII. Is the Jury Trial Demanded In Complaint?** Check the appropriate box to indicate whether a jury trial is being demanded in the complaint.

**VIII. Complex Business Court -** Check the appropriate box to indicate whether or not this case is to be assigned to the Complex Business Court.

**ATTORNEY OR PARTY SIGNATURE.** Sign the civil cover sheet. Print legibly the name of the person signing the civil cover sheet. Attorneys must include a Florida Bar number. Insert the date the civil cover sheet is signed. Signature is a certification that the filer has provided accurate information on the civil cover sheet.

Clerk's web address: www.miami-dadeclerk.com

Filing # 14760471 Electronically Filed 06/12/2014 04:33:04 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL DIVISION

CASE NO.: 14-013110-CA-01

ITZEL HUDEK

      Plaintiff,

vs.

TRUMP MIAMI RESORT MANAGEMENT, L.L.C.

      Defendant.

_____/

## UNOPPOSED MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

COMES NOW, Plaintiff, ITZEL HUDEK, by and through the undersigned counsel, and pursuant to Rule 1.190(a) of the Florida Rules of Civil Procedure, and hereby move this Court to permit the filing of an Amended Complaint, and in support thereof state as follows:

1. A Complaint was filed in this matter on May 19, 2014 and served upon the Defendant on May 22, 2014.

2. To date, a responsive pleading by defendant has not been filed or served.

3. Plaintiff's Complaint contains a scrivener's error as allegations related to the Family Medical Leave Act were inadvertently included.

4. Pursuant to Florida Rule of Civil Procedure 1.190(a), a party may amend a pleading once as a matter of course at any time before a responsive pleading is served.

5. Counsel for Plaintiff has conferred with Counsel for Defendant who has no opposition to the relief sought in this motion.

6. Plaintiff's Amended Complaint, with the allegations related to the Family Medical Leave Act removed, is attached hereto as Exhibit "A".

## MEMORANDUM OF LAW

Florida Rule of Civil Procedure, 1.190(a) states that a party may amend a pleading once as a matter of course at any time before a responsive pleading is served and leave to amend, "shall be given freely when justice so requires."

The Courts have long held that amendments to pleadings shall be liberally allowed especially where there is no prejudice to the other party. Cabot v. Clearwater Construction Co, 89 So. 2d 662, 664 (Fla. 1956). The Florida Supreme Court specifically stated that, "the objective of all pleading is merely to provide a method for setting out the opposing contentions of the parties. No longer are we concerned with the 'tricks and technicalities of the trade'." Cabot, 89 So. 2d at 664. See also Bostwick v. Bostwick, 346 So. 2d 150, 151-152 (1st DCA 1977)("'n light of the liberal policy of amendment of pleadings and the lack of prejudice to appellee, we hold that the failure of the trial court to grant the motion for leave to amend was erroneous."); Avenada Inc. v. City National Bank, 3 75 So. 2d 883, 884-885 (3rd DCA 1979); Carib Ocean Shipping Inc. v. Armas, 854 So. 2d 234, 236 (3rd DCA 2003).

"Leave to amend should not be denied unless the privilege has been abused, there is prejudice to the opposing party, or amendment would be futile." Scott v. Trevett, 751 So. 2d 616, 618 (4'" DCA 1999). See also Dimick v. Ray, 774 So. 2d 830, 833 (4'" DCA 2000) ("a test of prejudice is the primary consideration in detennining whether a motion for leave to amend should be granted, and leave to amend should not be denied unless the privilege has been abused or the pleading is clearly not amendable.")

In this case, this is the first request being made to amend the pleadings and no responsive pleading has been filed to date, thus there has been no abuse. General prejudice relates to the

CERTIFICATION ON LAST PAGE
HARVEY RUVIN, CLERK

DADE COUNTY, FLORIDA
IN GOD WE TRUST

HUDEK v. TRUMP MIAMI
CASE NO.: 14-013110-CA-01
Page 3 of 3

opposing party's ability to prepare for trial, since this case has not yet been set for trial, there is

no prejudice to the Defendant. <u>Dimick v. Ray</u>, 774 So. 2d at 833.

WHEREFORE, the Plaintiff, ITZEL HUDEK, respectfully requests that this Court grant

this motion to file an Amended Complaint attached hereto as Exhibit "A".

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically and emailed and mailed this 12th day of June, 2014 to Jorge Zamora, Jr., Esq., Wells Fargo Center, 333 SE 2nd Avenue, Suite 2700, Miami, FL 33131, <u>JZamora@littler.com</u>.

DISABILITY INDEPENDENCE GROUP, INC.
2990 Southwest 35th Avenue
Miami, Florida 33133
Telephone: (305) 669-2822
Facsimile: (305) 442-4181
E-Mail: <u>rgoldstein@justdigit.org</u>

By:     <u>/s/ Rachel L. Goldstein</u>
Rachel L. Goldstein, Esq.
Florida Bar No.: 0095973
Matthew W. Dietz, Esq.
Florida Bar No.: 0084905





*Disability Independence Group, Inc. * 2990 Southwest 35th Avenue * Miami, Florida 33133*

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL DIVISION

CASE NO.: 14-013110-CA-01

ITZEL HUDEK

      Plaintiff,

vs.

TRUMP MIAMI RESORT MANAGEMENT, L.L.C.

      Defendant.

_____/

## AMENDED COMPLAINT

    COMES NOW, Plaintiff, ITZEL HUDEK, by and through the undersigned counsel and hereby sues Defendant, TRUMP MIAMI RESORT MANAGEMENT, L.L.C., and in support thereof states as follows:

1. This Court has original jurisdiction over the action arising under the Florida Civil Rights Act, §760.10, Florida Statutes.

2. All conditions precedent to jurisdiction under §760.11, Florida Statutes, have occurred or have been complied with.

    a. A charge of employment discrimination on the basis of disability was filed with the Miami-Dade County Commission on Human Rights ("MDCCHR") within 180 days of the commission of the unlawful employment practice alleged herein.

    b. A Notification of Right to Sue was issued from the MDCCHR on February 20, 2014.

    c. The Complaint has been filed within 90 days of receipt of the MDCCHR's Notification of Right to Sue.

EXHIBIT A

3. Plaintiff, ITZEL HUDEK (hereinafter referred to as "HUDEK"), is a resident of Miami-Dade County and is otherwise *sui juris*.

4. At all times material, HUDEK, is a pregnant woman with a history of cardiovascular disease, asthma, migraines, and syncope and she is therefore protected from discrimination based upon disability under Section 760.10 of the Florida Civil Rights Act of 1992.

5. All of the discriminatory employment practices alleged herein were committed in Miami-Dade County, Florida.

6. Defendant, TRUMP MIAMI RESORT MANAGEMENT, L.L.C. ((hereinafter referred to as "TRUMP MIAMI"), is a for-profit foreign limited liability corporation licensed to and doing business as a luxury resort, Trump National Doral Miami, at 4400 NW 87th Avenue, Miami, Florida 33178, located in Miami-Dade County, Florida.

7. The appropriate venue for this action is Miami-Dade County, Florida.

8. At all times relevant herein, Plaintiff HUDEK had been employed for at least twelve months by Defendant.

**FACTS:**

9. At all times relevant herein, Plaintiff HUDEK, had been employed for approximately thirteen months by Defendant.

10. TRUMP MIAMI'S predecessor in interest, Marriot Doral Golf Resort and Spa, hired HUDEK as Reservations Agent in January 2002 and promoted her to Reservations Supervisor in or around 2006.

CERTIFICATION OF THE TRUTH
HARVEY RUVIN, CLERK

*Disability Independence Group, Inc. * 2990 Southwest 35th Avenue * Miami, Florida 33133*

11. In June 2012, TRUMP MIAMI assumed ownership from Marriot Doral Golf Resort and Spa and HUDEK was automatically hired into her former position as Reservations Supervisor.

12. HUDEK's consistent work schedule was Monday through Friday from 7:00am until 4:00pm.

13. In annual employment evaluations, HUDEK was evaluated as having above satisfactory performance. In her most recent evaluation, HUDEK's performance was rated as outstanding.

14. Upon information and belief, TRUMP MIAMI's Group Housing Department is a part of its Reservations Department, but are conducted as separate entities with the Reservations Department responsible for the reservations and coordination of guest rooms, spa appointments and golf tee time reservations and scheduling and the Group Housing Department responsible for selling, coordinating and monitoring group blocks of room reservations.

15. During her employment as a Reservations Supervisor at TRUMP MIAMI, HUDEK was in charge of overseeing the reservations department and duties including, but not limited to: (1) having continuous and direct contact with the public for reservations and scheduling of guest rooms, spa appointments and golf packages; (2) training of all new reservation agents; (3) interviewing and hiring of reservation agents; (4) performance evaluations of reservation agents; (5) coordinating and implementation of reservation agents work schedules; (6) handling of guest complaints and any issues or concerns pertaining to their reservations or stay at the property.

*Disability Independence Group, Inc. * 2990 Southwest 35th Avenue * Miami, Florida 33133*

HUDEK v. TRUMP MIAMI
AMENDED COMPLAINT
Page 4 of 9

16. HUDEK was also trained on the Group Housing Supervisor's job duties and attended a Group Housing Department training with Group Housing Supervisor, Mayra Garcia (hereinafter referred to as "Garcia"), Director of Revenue Management, Margarita Sicher (hereinafter referred to as "Sicher") and Reservations Manager, Diana Speranza (hereinafter referred to as "Speranza").

17. Prior to March 2013, Group Housing Supervisor, Garcia went on a medical leave of absence for approximately three months. As HUDEK was trained to perform the job duties of Group Housing Supervisor, HUDEK would also perform Garcia's responsibilities and oversee the Group Housing Department during the duration of her medical leave.

18. Prior to March 2013, HUDEK informed Speranza and Sicher that she suffered from cardiac arrhythmias, asthma and migraines. Speranza and Sicher were also informed that HUDEK had a high-risk second pregnancy and health complications in the past. As such, there were many occasions in which HUDEK have to time off from work for doctor's appointments and testing. Further, there were several occurrences when HUDEK had to wear a visible heart monitor for medical testing while working at TRUMP MIAMI.

19. In March 2013, HUDEK learned she was pregnant with her third child, and immediately informed her supervisor at TRUMP MIAMI, Director of Revenue Management, Margarita Sicher. Due to HUDEK's pre-existing heart and medical conditions affecting and posing complications related to her pregnancy, she explained to Sicher that she had no limitations in performing her job but she would need time off for doctor's appointments and requested that she be allowed to come in late and be able to leave as needed, with advance notice, for medical appointments and testing.

HUDEK v. TRUMP MIAMI
AMENDED COMPLAINT
Page 5 of 9

20. HUDEK provided Sicher or TRUMP MIAMI's Human Resources Department with notes from her doctors, following many of her doctor's appointments, substantiating her need for time off and her disability and high-risk pregnancy.

21. For her doctor's appointments, HUDEK used either time from her allotted paid time off or would make up the time she missed by going in to work earlier or staying later.

22. Despite this, Sicher expressed displeasure and appeared agitated related to HUDEK's pregnancy and need for time off from work.

23. Over the course of HUDEK's pregnancy as her doctor's appointments became more frequent, Sicher would make comments expressing her displeasure with HUDEK having to come in to work late or leaving for such appointments.

24. From approximately June 10, 2013 until June 26, 2013, HUDEK went on a previously scheduled and approved vacation.

25. When HUDEK returned to work, and approximately ten days before HUDEK was laid off, Sicher, without any explanation, demanded that HUDEK train Garcia, on her job duties as Reservation Supervisor.

26. After HUDEK informed TRUMP MIAMI of her pregnancy, TRUMP MIAMI changed the Group Housing Supervisor position description with almost identical requirements to the Reservations Supervisor position.

27. Upon information and belief, Sicher was a member of the Executive Committee and had the authority to determine which employees to layoff.

28. On July 2, 2013, Sicher advised HUDEK that she was being laid off because of TRUMP MIAMI's need for economic cutbacks and that they were eliminating HUDEK's position.

*Disability Independence Group, Inc. * 2990 Southwest 35th Avenue * Miami, Florida 33133*

HUDEK v. TRUMP MIAMI
AMENDED COMPLAINT
Page 6 of 9

29. TRUMP MIAMI did not offer HUDEK an alternative employment position in lieu of layoff.

30. TRUMP MIAMI did not apply or adhere to objective Reduction in Force criteria.

31. TRUMP MIAMI did not apply or adhere to Reduction in Force criteria uniformly when it laid off HUDEK.

32. Shortly following her lay off, HUDEK discovered that TRUMP MIAMI consolidated her position with Garcia's and retained Garcia, who was not pregnant and had less employment experience but was paid more than HUDEK, to take over her position.

33. Upon information and belief, HUDEK was selected for layoff because of her pregnancy, disability and sex in violation of the Florida Civil Rights Act.

34. HUDEK has retained Disability Independence Group, Inc. to represent her in this matter, and has agreed to pay a reasonable attorneys' fees for services rendered herein.

## COUNT I- SEX DISCRIMINATION

35. Plaintiff, HUDEK, reasserts and states the allegations contained in Paragraphs one through 33, as if they had been set forth herein.

36. HUDEK is the victim of unfair employment practices prohibited by §760.10 Florida Statutes, which prohibits employment discrimination based on race, color, religion, sex, national origin, age, handicap, or marital status.

37. It is illegal for an employer such as TRUMP MIAMI to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's sex.

CERTIFIED...
HARVEY RUVIN, CLERK

*Disability Independence Group, Inc. * 2990 Southwest 35th Avenue * Miami, Florida 33133*

38. Defendant TRUMP MIAMI is a "person" and "employer" as defined by §760.02(6)-(7), and is not permitted to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status.

39. Defendant TRUMP MIAMI engaged in policies and practices which discriminated against HUDEK because of her pregnancy with respect to her compensation, terms conditions, and privileges of her employment.

40. TRUMP MIAMI had direct knowledge of this discrimination, as the acts of discrimination were that of its agents and supervisory employees.

41. TRUMP MIAMI chose HUDEK for termination over a less experienced and unqualified employee who was paid more than her and not pregnant.

42. As a direct and proximate result of TRUMP MIAMI's discrimination on the basis of her sex, HUDEK has suffered lost wages and benefits beginning upon the date of her wrongful termination.

43. HUDEK is entitled to reasonable attorney's fees, including litigation expenses, and other costs in this action.

WHEREFORE, Plaintiff, ITZEL HUDEK, prays for judgment against Defendant, TRUMP MIAMI RESORT MANAGEMENT, L.L.C., for back pay, front pay, compensatory damages, including future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, punitive damages, interest, and attorney's fees and litigation costs, to enjoin Defendant, TRUMP MIAMI RESORT

*Disability Independence Group, Inc. * 2990 Southwest 35th Avenue * Miami, Florida 33133*

MANAGEMENT, L.L.C., from any further discrimination against ITZEL HUDEK, and grant

such other and further relief as this Court deems just and equitable.

## COUNT II- DISABILITY DISCRIMINATION

44. Plaintiff incorporates by reference, as if fully set forth herein, paragraphs one through 41.

45. Plaintiff, HUDEK, has a history of cardiac arrhythmias, asthma and migraines, and

experienced a high-risk second pregnancy and health complications associated with such

pregnancy, and as such, is a qualified person with a disability.

46. TRUMP MIAMI, through its agents and supervisory employees, had actual knowledge that

HUDEK suffered from cardiac arrhythmias, asthma and migraines, and had a high-risk

second pregnancy and associated health complications.

47. As a direct and proximate result of TRUMP MIAMI's discrimination on the basis of

disability, specifically the Plaintiff's cardiovascular disease, asthma and migraines, and

history of a high-risk pregnancy and health complications associated with such pregnancy,

HUDEK was chosen for termination over a less experienced and unqualified employee

who was paid more than her and not pregnant.

48. In terminating the Plaintiff because of her disability, TRUMP MIAMI acted with malice

and/or with reckless indifference to the legally protected rights of the Plaintiff.

49. As a direct and proximate result of TRUMP MIAMI's discrimination on the basis of her

disability, HUDEK has suffered lost wages and benefits beginning upon the date of her

wrongful termination.

50. HUDEK has retained Disability Independence Group, Inc. to represent her in this matter,

and has agreed to pay reasonable attorneys' fees for services rendered herein.

HUDEK v. TRUMP MIAMI
AMENDED COMPLAINT
Page 9 of 9

WHEREFORE, Plaintiff, ITZEL HUDEK, prays for judgment against Defendant, TRUMP

MIAMI RESORT MANAGEMENT, L.L.C., for back pay, front pay, compensatory damages,

including future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish,

loss of enjoyment of life, and other nonpecuniary losses, punitive damages, interest, and

attorney's fees and litigation costs, to enjoin Defendant, TRUMP MIAMI RESORT

MANAGEMENT, L.L.C., from any further discrimination against ITZEL HUDEK, and grant

such other and further relief as this Court deems just and equitable.

THE PLAINTIFF DEMANDS A JURY TRIAL FOR ALL ISSUES SO TRIABLE.


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically
and emailed and mailed this 12th day of June, 2014 to Jorge Zamora, Jr., Esq., Wells Fargo Center,
333 SE 2nd Avenue, Suite 2700, Miami, FL 33131, JZamora@littler.com.

DISABILITY INDEPENDENCE GROUP, INC.
2990 Southwest 35th Avenue
Miami, Florida 33133
Telephone: (305) 669-2822
Facsimile: (305) 442-4181
E-Mail: rgoldstein@justdigit.org

By:   /s/ Rachel L. Goldstein
       Rachel L. Goldstein, Esq.
       Florida Bar No.: 0095973
       Matthew W. Dietz, Esq.
       Florida Bar No.: 0084905



CERTIFICATE ...
HARVEY RUVIN, CLERK

*Disability Independence Group, Inc. * 2990 Southwest 35th Avenue * Miami, Florida 33133*

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL DIVISION

ITZEL HUDEK                              CASE NO.: 14-013110-CA-01

      Plaintiff,

vs.

TRUMP MIAMI RESORT MANAGEMENT, L.L.C.

      Defendant.

_____/

### AGREED ORDER ON PLAINTIFF'S MOTION TO AMEND COMPLAINT

    THIS CAUSE came to be heard, pursuant to the Plaintiff, ITZEL HUDEK's, Unopposed Motion to Amend Complaint.

    THE COURT, having reviewed the Plaintiff, ITZEL HUDEK's, Unopposed Motion to Amend Complaint, and being advised that the parties are in agreement that said motion should be granted,

    HEREBY ORDERS AND ADJUDGES that Plaintiff's Unopposed Motion to Amend Complaint is GRANTED. The amended complaint attached to the motion is deemed filed as of the date of this Order.

    DONE AND ORDERED in Chambers at Miami-Dade County, Florida, on 06/12/14.

COUNTY OF MIAMI-DADE

AUG - 7 2014

Clerk

GUADALUPE FLEITAS

DAVID C. MILLER
CIRCUIT COURT JUDGE

No Further Judicial Action Required on **THIS**

## MOTION
## CLERK TO RECLOSE CASE IF POST JUDGMENT

The parties served with this Order are indicated in the accompanying 11th Circuit email confirmation which includes all emails provided by the submitter.   The movant shall IMMEDIATELY serve a true and correct copy of this Order, by mail, facsimile, email or hand-delivery, to all parties/counsel of record for whom service is not indicated by the accompanying 11th Circuit confirmation, and file proof of service with the Clerk of Court.

Signed original order sent electronically to the Clerk of Courts for filing in the Court file.

Circuit Court Judge

Copies furnished to:
Counsel of Record





Filing # 15357293 Electronically Filed 06/27/2014 06:48:37 PM

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

ITZEL HUDEK,                                    CASE NO.: 14-013110-CA-01

       Plaintiff,

vs.

TRUMP MIAMI RESORT
MANAGEMENT, L.L.C.,

       Defendant.
_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Trump Miami Resort Management, LLC ("Trump") hereby files and serves its Answer and Affirmative Defenses to Plaintiff Itzel Hudek's Amended Complaint, and respectfully alleges as follows:

1. Trump admits only that this Court generally has jurisdiction over actions arising under the Florida Civil Rights Act, section 760.10, Florida Statutes. Trump denies, however, that Plaintiff is entitled to any relief whatsoever or that it violated any laws that support a claim for relief by Plaintiff or the invocation of this Court's jurisdiction.

2. Trump denies the allegations set forth in Paragraph 2.

    a. Trump denies, as stated, the allegations set forth in Paragraph 2, subsection (a).

    b. Trump admits the allegations contained in Paragraph 2, subsection (b).

    c. Trump is without knowledge as to when Plaintiff received the MDCCHR's Notification of Right to Sue, and therefore, denies the allegations set forth in Paragraph 2, subsection (c).

3.  Trump is without knowledge sufficient to admit or deny the assertions in this averment, and therefore, denies the allegations contained in Paragraph 3.

4.  Trump is without knowledge sufficient to admit or deny the allegations contained in Paragraph 4, and therefore, denies such allegations.

5.  Trump denies the allegations set forth in Paragraph 5.

6.  Trump admits only that it is a for-profit foreign limited liability corporation licensed to and doing business in Miami-Dade County, Florida.  Trump denies, as stated, the remaining allegations contained in Paragraph 6.

7.  Trump admits only that venue is proper in Miami-Dade County, Florida.  Trump denies, as stated, the remaining allegations set forth in Paragraph 7, and specifically denies that Plaintiff is entitled to any relief whatsoever or that it violated any laws that support a claim for relief by Plaintiff or the invocation of this Court's jurisdiction.

8.  Trump only admits that at one point it employed Plaintiff.  Trump is without knowledge as to what Plaintiff considers "all times relevant," and therefore, denies the remaining allegations contained in Paragraph 8.

### Alleged Facts

9.  Trump admits only that it employed Plaintiff for approximately thirteen months.  Trump denies the remaining allegations contained in Paragraph 9.

10. Trump admits only that Plaintiff was hired by Marriot Doral Golf Resort and Spa in January 2002.  However, Trump is without knowledge sufficient to admit or deny the remaining allegations set forth in Paragraph 10, and therefore, denies such allegations.

11. Trump admits the allegations set forth in Paragraph 11.

12. Trump denies, as stated, the allegations contained in Paragraph 12.

13. Trump denies the allegations contained in Paragraph 13.

2

14. Trump denies, as stated, the allegations contained in Paragraph 14.

15. Trump denies, as stated, the allegations contained in subparagraph (4) of Paragraph 15. Trump admits the remaining allegations set forth in Paragraph 15.

16. Trump admits the allegations contained in Paragraph 16.

17. Trump admits the allegations contained in Paragraph 17.

18. Trump denies, as stated, the allegations contained in Paragraph 18.

19. Trump admits only that in or around March 2013 Plaintiff informed Ms. Sicher that she was pregnant.   However, Trump denies, as stated, the remaining allegations set forth in Paragraph 19.

20. Trump denies, as stated, the allegations set forth in Paragraph 20.

21. Trump denies, as stated, the allegations set forth in Paragraph 21.

22. Trump denies the allegations contained in Paragraph 22.

23. Trump denies the allegations contained in Paragraph 23.

24. Trump admits only that Plaintiff went on a previously scheduled and approved vacation in June 2013.  Trump denies the remaining allegations contained in Paragraph 24.

25. Trump denies, as stated, the allegations set forth in Paragraph 25.

26. Trump denies, as stated, the allegations set forth in Paragraph 26.

27. Trump denies the allegations set forth in Paragraph 27.

28. Trump denies, as stated, the allegations contained in Paragraph 28.

29. Trump admits the allegations contained in Paragraph 29.



30. Trump denies the allegations set forth in Paragraph 30.

31. Trump denies the allegations set forth in Paragraph 31.

32. Trump denies, as stated, the allegations set forth in Paragraph 32.



3

33. Trump denies the allegations set forth in Paragraph 33.

34. Trump is without knowledge as to any agreement and/or arrangement between Plaintiff and the firm of Disability Independence Group, Inc., and therefore, denies these allegations.

### Count I – Alleged Sex Discrimination

35. Trump realleges and adopts its responses to Paragraphs 1 through 33 as if fully set forth herein.

36. Trump denies the allegations set forth in Paragraph 36.

37. Trump admits only that, generally, employers are precluded from discriminating against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's sex.  Trump denies, however, that Plaintiff is entitled to any relief whatsoever or that it violated any laws that support a claim for relief by Plaintiff.

38. Trump admits only that it is an employer under the Florida Civil Rights Act.  Trump further admits that, generally, employers are precluded from discriminating against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status. Trump denies, however, that Plaintiff is entitled to any relief whatsoever or that it violated any laws that support a claim for relief by Plaintiff.



39. Trump denies the allegations set forth in Paragraph 39.

40. Trump denies the allegations set forth in Paragraph 40.

41. Trump denies the allegations set forth in Paragraph 41.

42. Trump denies the allegations set forth in Paragraph 42.

43. Trump denies the allegations set forth in Paragraph 43.

In response to the unnumbered "WHEREFORE" clause that follows Paragraph 43 of Plaintiff's Amended Complaint, Trump denies that any cause or controversy exists so as to

4

entitle Plaintiff to any relief sought in this clause.  Trump respectfully requests that this Court: (a) dismiss the instant Complaint with prejudice; (b) deny the demands and prayer for relief; (c) award Trump its costs and attorneys' fees incurred in defense of this action; and (d) grant such other and further relief as the Court deems just and proper.

### Count II – Alleged Disability Discrimination

44. Trump realleges and adopts its responses to Paragraphs 1 through 41 as if fully set forth herein.

45. Trump is without knowledge sufficient to admit or deny the allegations set forth in Paragraph 45, and therefore, denies such allegations.

46. Trump denies, as stated, the allegations set forth in Paragraph 46.

47. Trump denies the allegations set forth in Paragraph 47.

48. Trump denies the allegations set forth in Paragraph 48.

49. Trump denies the allegations set forth in Paragraph 49.

50. Trump is without knowledge as to any agreement and/or arrangement between Plaintiff and the firm of Disability Independence Group, Inc., and therefore, denies these allegations.

In response to the unnumbered "WHEREFORE" clause that follows Paragraph 50 of Plaintiff's Amended Complaint, Trump denies that any cause or controversy exists so as to entitle Plaintiff to any relief sought in this clause.  Trump respectfully requests that this Court: (a) dismiss the instant Complaint with prejudice; (b) deny the demands and prayer for relief; (c) award Trump its costs and attorneys' fees incurred in defense of this action; and (d) grant such other and further relief as the Court deems just and proper.

### Jury Trial Demand

Trump denies that any case or controversy exists so as to entitle Plaintiff to a trial by jury.

5

WHEREFORE, Defendant Trump Miami Resort Management, LLC, respectfully requests entry of judgment in its favor against Plaintiff Itzel Hudek, an award of costs, and such other relief that this Court deems just and equitable.

## AFFIRMATIVE DEFENSES

As separate affirmative defenses, and without conceding that Trump bears the burden of proof of persuasion as to any of them, Trump alleges as follows:

1. Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

2. Any actions undertaken with regard to Plaintiff were taken for lawful and legitimate, non-discriminatory business reasons.

3. Plaintiff's claims and/or damages are barred on the grounds that even if any decision concerning Plaintiff was based, in part, on grounds of unlawful discrimination, and no decision was, Trump would have reached the same decision based on other legitimate, non-discriminatory reasons.

4. Plaintiff's claims are barred, in whole or in part, to the extent that she failed to satisfy jurisdictional prerequisites, and other conditions precedent, to bringing suit.

5. Plaintiff's claims for monetary relief and damages are barred to the extent that Plaintiff failed to mitigate her damages. Trump is entitled to a set-off against Plaintiff's claim for damages in the amount(s) that Plaintiff did or could have earned through reasonable efforts.

6. To the extent it is discovered that Plaintiff engaged in misconduct, violation of Trump's policies, or other conduct that would have resulted in an adverse employment action by Trump, or would have precluded Plaintiff from obtaining employment with Trump, Plaintiff is subject to the after-acquired evidence doctrine and limited in her recovery of remedy.

7. Trump has made good faith efforts to prevent discrimination in its workplace and cannot be liable for the decisions of its agents, to the extent that the challenged employment decisions, if any, were contrary to its efforts to comply with anti-discrimination statutes.

8. Plaintiff's discrimination claims are barred in part by her failure to exhaust her administrative remedies.

9. Plaintiff's claims are barred to the extent that, if any employee of Trump acted in a manner that violated Plaintiff's rights and/or caused her harm, any such actions were committed outside the scope or course of the employee's employment and without Trump's consent, knowledge, or ratification.

10. Plaintiff's termination in connection with a reduction in force was based upon legitimate, non-discriminatory factors.

11. To the extent Plaintiff received severance payment(s), any recovery must be reduced accordingly.

Trump reserves its right to amend or add any additional defenses or counterclaims that may become known during the course of discovery.

WHEREFORE, Defendant Trump Miami Resort Management, LLC, respectfully requests entry of judgment on its affirmative defenses in its favor against Plaintiff Itzel Hudek, an award of costs, and such other relief that this Court deems just and equitable.



7

Dated:  this 27th day of June 2014.

Respectfully submitted,

By: /s/ *Jorge Zamora, Jr.*

    Jonathan A. Beckerman
    Florida Bar No.: 0568252
    E-mail: jabeckerman@littler.com
    Jorge Zamora, Jr.
    Florida Bar No.: 0094713
    E-mail: jzamora@littler.com
    LITTLER MENDELSON, P.C.
    Wells Fargo Center
    333 SE 2nd Avenue, Suite 2700
    Miami, FL  33131

    Attorneys for Defendant
    *Trump  Miami Resort Management, LLC*





## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document filed with the clerk of court and was served via eportal, on this 27th day of June 2014, upon the following:

Rachel L. Goldstein, Esq.
Florida Bar No.: 0095973
E-Mail: rgoldstein@justdigit.org
Matthew W. Dietz, Esq.
Florida Bar No.: 0084905
E-mail: mdietz@justdigit.org
DISABILITY INDEPENDENCE GROUP, INC.
2990 Southwest 35th Avenue
Miami, Florida 33133
Telephone: (305) 669-2822
Facsimile: (305) 442-4181

Attorneys for Plaintiff
*Itzel Hudek*

/s/ *Jorge Zamora, Jr.*
Jorge Zamora, Jr.

Firmwide:127699623.1 073227.1008



9

Filing # 15359635 Electronically Filed 06/28/2014 06:25:06 PM

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

ITZEL HUDEK,                                     CASE NO.: 14-013110-CA-01

     Plaintiff,

vs.

TRUMP MIAMI RESORT
MANAGEMENT, L.L.C.,

     Defendant.

_____/

## DEFENDANT'S NOTICE OF SERVING ITS FIRST SET
## OF INTERROGATORIES TO PLAINTIFF ITZEL HUDEK

Defendant Trump Miami Resort Management, LLC ("Trump"), pursuant to Rule 1.340 of

the Florida Rules of Civil Procedure, hereby gives notice of serving Defendant's First Set of

Interrogatories to Plaintiff.

Dated: this 28th day of June 2014.              Respectfully submitted,

By: /s/ Jorge Zamora, Jr.
        _____
        Jonathan A. Beckerman
        Florida Bar No.: 0568252
        E-mail: jabeckerman@littler.com
        Jorge Zamora, Jr.
        Florida Bar No.: 0094713
        E-mail: jzamora@littler.com
        LITTLER MENDELSON, P.C.
        Wells Fargo Center
        333 SE 2nd Avenue, Suite 2700
        Miami, FL  33131

        Attorneys for Defendant
        *Trump Miami Resort Management, LLC*



CASE NO.: 14-013110-CA-01

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was filed with the clerk of courts and provided via eportal on this 28th day of June 2014, to:

Rachel L. Goldstein, Esq.
Florida Bar No.: 0095973
E-Mail: rgoldstein@justdigit.org
Matthew W. Dietz, Esq.
Florida Bar No.: 0084905
E-mail: mdietz@justdigit.org
DISABILITY INDEPENDENCE GROUP, INC.
2990 Southwest 35th Avenue
Miami, Florida 33133
Telephone: (305) 669-2822
Facsimile: (305) 442-4181

Attorneys for Plaintiff
*Itzel Hudek*

/s/ *Jorge Zamora, Jr.*
Jorge Zamora, Jr.





- 2 -