## UNITED STATES DISTRICT CO URT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 14-23207-CIV-WILLIAMS

ITZEL HUDEK,

Plaintiff,

v.

TRUMP MIAMI RESORT
MANAGEMENT, LLC,

Defendant.

_____/

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S EXPERTS, OR TO COMPEL DISCLOSURE COMPLIANT WITH FED. R. CIV. P. 26(a)(2)

COMES NOW, Plaintiff, ITZEL HUDEK, by and through undersigned counsel, hereby responds in opposition to Defendant, TRUMP MIAMI RESORT MANAGEMENT, LLC's ("Defendant" or "Trump") Motion to Strike Plaintiff's Experts or Alternatively to Compel Disclosures Compliant with Fed. R. Civ. P. 26(a)(2), and in support states as follows:

Disclosure of plaintiff's treating physicians as expert witnesses and the substance of such disclosure was sufficient under the Federal Rules of Civil Procedure. Due to the substance of the doctors expected testimony, Plaintiff's treating physicians are not required to provide a written report and plaintiff's expert witness disclosure satisfactorily provided the subject matter and a summary of the facts and opinions on which each of the doctors is expected to testify.

A treating physician is not required to provide an expert report in order to testify as an expert. By its own terms, Fed. R. Civ. P. 26(a)(2)(B) applies only to a witness "who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony." However, a treating physician is required to

provide an expert disclosure (i.e., a summary of the facts and opinions to which the witness is *expected to* testify) if they are to testify as an expert under Fed.R.Evid.702. Fed.R.Civ.P. 26(a)(2)(C)(emphasis ours). The relevant question is whether the treating physician acquired his opinions directly through treatment. If so, the treating physician need not file a written report. If the treating physician testifies on information gathered outside of the course of treatment and the party does not file a Rule 26(a)(2)(B) report as to that testimony, it may be excluded. Straw v. Aquatic Adventures Mgmt. Group, Inc., 2011 U.S. Dist. LEXIS 140744, *2-3 (N.D. Fla. 2011)(citing Baratta v. City of Largo, 2003 U.S. Dist. LEXIS 27628, 6-7 (M.D. Fla. 2003))

"[W]hen a treating physician testifies regarding opinions 'formed and based upon observations made during the course of treatment,' the treating physician need not produce a Rule 26(a)(2)(B) report." Jones v. Royal Caribbean Cruises, Ltd., 2013 U.S. Dist. LEXIS 188097, *14-15 (S.D. Fla. 2013); *See also* Williams v. Mast Biosurgery USA, Inc., 644 F.3d 1312, 1317 (11th Cir. 2011). Additionally, "because a treating physician considers not only the plaintiff's diagnosis and prognosis, opinions as to the cause of injuries do not require a written report if based on the examination and treatment of the patient." Id. (citing Levine v. Wyeth, Inc., 2010 U.S. Dist. LEXIS 76000, at *1 (M.D. Fla. 2010). "Treating physicians commonly consider the cause of any medical condition presented in a patient, the diagnosis, the prognosis, and the extent of disability, if any, caused by the condition or injury." Id.

Doctors Sokolowicz and Dimino do not routinely give expert testimony and are not retained or specially employed or compensated for giving an expert opinion in this case. The testimony of Doctors Sokolowicz and Dimino is not in preparation for trial, but rather "because each doctor was an actor or viewer with respect to transactions or occurrences that are a part of the subject matter of the lawsuit." Singletary v. Stops, Inc., 2010 U.S. Dist. LEXIS 92660, *18 (M.D.

Fla. 2010). Both Doctors Sokolowicz and Dimino have personally examined and treated Plaintiff Itzel Hudek numerous times over several years. The prognosis of the patient and what tasks a patient will be able to perform are legitimate opinions which come within the parameters of opinions required to be made by treating physicians, without subjecting them to the requirements of Rule 26(a)(2)(B). Kirkland v. Union Pac. R.R., 189 F.R.D. 604, 608 (D. Nev. 1999)(citing Baker v. Taco Bell Corp., 163 F.R.D. 348, 349 (D. Colo. 1995)).

"Disability" means a person has a physical or mental impairment which substantially limits one or more major life activities, or he or she has a record of having, or is regarded as having, such physical or mental impairment. 42 U.S.C. § 12102.[1] As Plaintiff has brought a claim for disability discrimination, she will have to prove she is qualified person with a disability. Neither Dr. Sokolowicz nor Dr. Dimino will be providing any such legal conclusion. The opinions of expert witnesses Doctors Sokolowicz and Dimino do not go beyond those arising from treatment. This is not a personal injury or negligence case where treating physicians are being used to establish medical causation or any causation. In this case Plaintiff has not claimed any personal injury or illness, whether physical, emotional or mental, resulting from Plaintiff's employment with Trump. There is no evidence that Plaintiff intends to call the doctors to testify to anything more than what one would ordinarily expect treating physicians to testify. As such, of expert witnesses Doctors Sokolowicz and Dimino are not subject to the requirements of Rule 26(a)(2)(B).

Plaintiff sufficiently disclosed expert witnesses' Doctors Sokolowicz and Dimino pursuant to Fed. R. Civ. P. 26(a)(2)(C). Plaintiffs Expert Witness Disclosure discloses that Dr. Sokolowicz

---

[1] Disability discrimination actions under the Florida Civil Rights Act are analyzed under the same frameworks as the Americans with Disabilities Act. Mazzeo v. Color Resolutions Int'l, LLC, 746 F.3d 1264, 1266 (11th Cir. 2014)(citing Chanda v. Engelhard/ICC, 234 F.3d 1219, 1221 (11th Cir. 2000).

will be testifying that Ms. Hudek has a disability because of her cardiovascular disease, heart palpitations, arrhythmias and syncopal episodes and will be testifying based on his specialized medical knowledge, as a cardiologist, about her disability, history of cardiovascular disease, care and treatment for her medical conditions, the effects, symptoms and manifestations of her medical conditions, prognosis, and overall health formed and based upon observations made during the course of treatment as Ms. Hudek's treating cardiologist. [D.E. 21] Dr. Dimino will be testifying that Ms. Hudek has a disability because of her high-risk pregnancies and health complications associated with such pregnancies as documented in her medical records and will be testifying based on his specialized knowledge, as an obstetrician and gynecologist, about her disability, history of high-risk pregnancies, care and treatment for her pregnancies, the effects, symptoms and manifestations of her medical condition, prognosis and overall health formed and based upon observations made during the course of treatment as Ms. Hudek's treating obstetrician and gynecologist. Id. Plaintiffs expert witness disclosure sufficiently details the subject matter about which the witnesses will testify as experts and a *summary* of the facts and opinions to which the witness is expected to testify as required by Fed. R. Civ. P. 26(a)(2)(C). Whitley v. Yarber, 2013 U.S. Dist. LEXIS 186430, *17 (N.D. Ga. 2013)(finding plaintiff met the requirements for disclosure of a report under Rule 26(a)(2)(C) when plaintiff provided subject matter on which doctor would testify in her initial disclosures explaining testimony will be about his treatment of plaintiff, Dr. Cha's recommendation for surgery, what surgery entails, and plaintiff's care and recovery after treatment based upon plaintiff's treatment and diagnosis.)

It is disingenuous of Trump to argue Plaintiff has not sufficiently apprised Trump of the doctors expert witness testimony. Plaintiff's expert witness disclosure provides a sufficient narrative to Trump of Doctors Sokolowicz and Dimino's expected expert testimony. Further, as

early as August 2014 in Plaintiff's Answers to Trump's Interrogatories, Plaintiff identified her treating physicians, including Doctors Sokolowicz and Dimino, provided medical records from such doctors to Trump and provided a signed release to Trump for Plaintiff's medical records to which they obtained. Since as early as January 2015, the treating physicians were identified as witnesses in Plaintiff's Initial Disclosures and Trump has been fully aware of their identity and has had the opportunity to depose them. There is still nothing to preclude Trump from taking their depositions, to discover what testimony they might provide, or opinions they might hold. In fact, Trump has already scheduled the deposition of Doctor Sokolowicz for August 7, 2015, and is in the process of scheduling Doctor Dimino. Trump cannot claim any prejudice or surprise or it had no notice as the doctors have been identified numerous times for a year, Trump has had all of plaintiff's medical records from Doctors Sokolowicz and Dimino, has had the ability to question such experts, and is going to depose the experts and can question them at length.

Trump misrepresents and misinterpret the position and correspondence from the undersigned related to the expert witness disclosure and testimony of Plaintiff's treating doctors as expert witnesses. On one hand Trump states "your expert witness disclosure makes it clear that these witnesses are Ms. Hudek's treating physicians who will only be testifying as to her medical condition and prognosis," and "evidence concerning her medical condition and prognosis is being introduced through Ms. Hudek's medical records, abrogating the need for testimony from the doctors themselves", and then on the other hand is now arguing the expert witness disclosure is not clear enough and it needs more information from the doctors. [D.E. 22-1]. The correspondence attached to Trump's motion from the undersigned was in response to Trump's e-mail with such assertions. In an abundance of caution due to the Court's deadline Plaintiff's treating physicians were disclosed as expert witnesses because it is not permissible to disclose a person as a fact

witness and then use that person as an expert witness. Further the undersigned never advised defense counsel that the substance of the doctors testimony would be made at the joint pre-trial stipulation and such misrepresentation is inane. *See* D.E. 22-2. The undersigned advised "if it is undisputed that Ms. Hudek is a qualified person with a disability at the joint pretrial stipulation stage we will be able to reevaluate and discuss the need for the doctors' testimony however we have to disclose them as expert at this time due to the Court's deadline." Id. Clearly the undersigned did not say Plaintiff is waiting until the joint pretrial stipulation stage to determine the substance of the expert witnesses' testimony. It's commonsense that the scope of evidence needed at trial can depend on what elements and issues of fact and law the parties agree to at the joint pre-trial stipulation stage.

Plaintiff sufficiently disclosed expert witnesses' Doctors Sokolowicz and Dimino as Plaintiff's Expert Witness Disclosure satisfactorily apprised Trump of the subject matter about which the witnesses will testify and provided a summary of the facts and opinions to which the witness is expected to testimony pursuant to Fed. R. Civ. P. 26(a)(2)(C). As such, Plaintiff respectfully requests this Court DENY Trump's motion.

WHEREFORE, Plaintiff, Itzel Hudek, respectfully requests that this Court DENY Defendant, TRUMP MIAMI RESORT MANAGEMENT, LLC's ("Defendant" or "Trump") Motion to Strike Plaintiff's Experts or Alternatively to Compel Disclosures [D.E. 22], and grant and any such further relief as this Court deems just and equitable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 23, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated

HUDEK v. TRUMP MIAMI
CASE NO.: 14-cv-23207-KMW
Page 7 of 7

by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of electronic filing to: Jonathan A. Beckerman, Esq., Jorge Zamora, Jr., Esq., Littler Mendelson, P.C., Wells Fargo Center, 333 SE 2nd Avenue, Suite 2700, Miami, Florida 33131.

DISABILITY INDEPENDENCE GROUP, INC.
2990 Southwest 35th Avenue
Miami, Florida 33133
Phone (305) 669-2822
Facsimile (305) 442-4181
E-Mail: RGoldstein@justdigit.org

BY:     s/ Rachel L. Goldstein
        RACHEL L. GOLDSTEIN, ESQ.
        FL BAR NO.: 0095973
        MATTHEW W. DIETZ, ESQ.
        FL BAR NO.: 0084905