UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-23207-CIV-WILLIAMS

ITZEL HUDEK,

Plaintiff,

v.

TRUMP MIAMI RESORT
MANAGEMENT, LLC,

Defendant.
_____/

**JOINT STIPULATION AND PROTECTIVE ORDER
REGARDING CONFIDENTIALITY AND
INADVERTENT DISCLOSURE OF PRIVILEGED INFORMATION**

To expedite the flow of discovery material, facilitate the prompt resolution of disputes concerning confidentiality, adequately protect materials which are entitled to be kept confidential, and insure that protection is afforded only to material so entitled, the Parties seek the entry of an Order, pursuant to Rule 26(c), Federal Rules of Civil Procedure, governing the disclosure of documents and information therein pertaining to Confidential Information on the terms set forth herein, as well as an Order, pursuant to Rule 502, Federal Rules of Evidence, governing the return of inadvertently produced documents and data and affording them the protections of FRE 502(d) and (e), on the terms set forth herein.

**IT IS STIPULATED AND AGREED THAT**:

This Protective Order shall govern all materials deemed to be "Confidential Matter." Such Confidential Matter shall include the following:

(a) Any and all documents referring or related to confidential and proprietary human resources or business information; financial records of the Parties; compensation of Trump Miami Resort Management LLC's ("Trump") current or former

          personnel; policies, procedures or training materials of Trump; or Trump's organizational structure;

(b)     Any documents from the personnel, medical or workers' compensation file of any current or former employee or contractor;

(c)     Any documents relating to the medical or health information of any of Trump's current or former employees or contractors;

d)     Any portions of depositions (audio or video) where Confidential Matter is disclosed or used as exhibits.

1.     <u>Designation of Confidential Matter.</u> Information or documents which may be or may have been produced in response to discovery requests of any party may contain confidential or proprietary information, or may disclose information concerning financial information, trade secrets, or other confidential materials. Any such information or documents may be designated as "Confidential Matter" by counsel for any party, if such counsel believes in good faith that it is necessary to protect the legitimate interest in confidentiality of his or her client that the designated matter be kept confidential.

2.     <u>Manner of Designation.</u> Designation of "Confidential Matter" shall be effective by placing or affixing on each document or group of documents so designated, a notice of "CONFIDENTIAL" or the equivalent, in such manner as will not interfere with the legibility thereof, but shall be sufficient to put persons receiving such documents on notice that such documents are to be treated in confidence. Any confidential designation which is inadvertently omitted, or which was not placed on documents prior to this Order, may be corrected by written notice to opposing counsel, whereupon such documents shall become "Confidential Matter", and the confidential designation shall be placed on such documents to the extent practicable.

3.     <u>Restriction on Use of Confidential Matter.</u> No "Confidential Matter" produced in response to any Party's discovery requests shall be used or communicated by any party, or any other person receiving or viewing them, for business or competitive purposes, or for any purpose

whatsoever other than in filing motions or other papers with the Court, preparing for the case pre-trial, in preparation for trial of this matter, the trial of this matter, or any appeals therefrom.

4. <u>Persons Who May View Confidential Matter.</u> "Confidential Matter" shall, except as set forth below, be available only for examination by (a) the Parties, and if a party is not a natural person, then examination shall be limited to those persons required to have knowledge of such "Confidential Matter" for purposes of this litigation, and each such person shall be bound by this Order, (b) the Parties' attorneys and their respective legal assistants, including associates, secretaries and paralegal assistants, court reporters and other agents or employees to the extent necessary to render legal services in this litigation, (c) expert witnesses retained by the Parties' attorneys, (d) court officials involved in the litigation, including but not limited to the Judge, Magistrate Judge, judicial law clerks, judicial assistants, court reporters, special masters or others appointed by the court, (e) any witness in the case whether during deposition, trial, or investigation, and (f) those persons who are lawfully present at the trial of this case.  If a party desires to disclose confidential matter to an individual not specifically enumerated in this paragraph, that party must notify the opposing party to see if there is any objection, and if there is an objection, the party seeking to disclose the confidential matter must first obtain Court approval.

5. <u>Restrictions on Reproduction of "Confidential Matter".</u> There shall be no reproduction of "Confidential Matter", except as required in preparation for trial of this matter, the trial of this matter or any appeals therefrom, except that copies, excerpts or summaries may be shown or given to those persons authorized to receive such information pursuant to this Order.

6. <u>Restrictions on Dissemination.</u> No person who examines any item produced pursuant to this Order shall disseminate orally, in writing or by any other means any

"Confidential Matter" to any person not also authorized to examine "Confidential Matter" under the terms of this Order.

7. <u>Use in Depositions.</u> During a deposition, a deponent may be shown, and examined about, "Confidential Matter." Prior to such examination, if the deponent is not already a person authorized to view "Confidential Matter," the deponent shall be given a copy of this Order and shall be bound by it. At the deposition, or within fifteen (15) days after receiving a copy, a party or a deponent may designate portions of the transcript, and/or exhibits, as "Confidential Matter." Until the expiration of the 15-day period, the transcript and exhibits shall be treated as confidential, but when such 15-day period expires, only those pages of the transcript and exhibits designated as such shall be confidential. Thereafter, the original and all copies of such pages and exhibits shall be stamped as confidential as set forth in this Order, and the title page of the transcript shall state "Contains Confidential Information."

8. <u>Filing with the Court.</u> "Confidential Matter" may be filed with the Court, but shall not be used for any other purpose whatsoever other than in filing motions or other papers with the Court, in preparation for trial of this matter, the trial of this matter or any appeals therefrom. Provided, that a party may only file materials containing Confidential Matters in this litigation <u>only if</u> the party making such disclosure redacts the following information: financial account numbers; individual financial information; social security numbers (showing only last four digits); personal identifying numbers such as driver's license numbers; dates of birth (showing only the year), home addresses (showing only city and state); medical records, treatment and diagnoses; employment history other than with Trump; arrests or criminal convictions; and credit history. Further, any "Confidential Matter" that is within the scope of Rule 26(c)G), such as customer lists, trade secrets, financial information, and tax returns must only be filed under seal.

If a party desires to file documents with the Court that do not fall under Rule 1.26(c)(G), that the party knows the opposing party does not want filed with the Court unless filed under seal, the party desiring to file any such documents shall not file them without first notifying the opposing party of the filing.

Moreover, concerning "Confidential Matter" that is within the scope of Rule 26(c)(G), such as customer lists, trade secrets, financial information, and tax returns, counsel shall inform opposing counsel, before the production of such information, that such information falls within Rule 26(c)(G). If counsel believes that information has been misdesignated and should be considered by the client, counsel may contest the designation with the Court. A party which believes that any other "Confidential Matter" should not be shown to the client must bring the issue to the Court's consideration, failing agreement by the Parties, on or before the date that production is due or made.

9. <u>No Waiver of Confidentiality.</u> The production of "Confidential Matter" for inspection and note-taking shall not constitute a waiver of any Party's right to claim in this lawsuit or hereafter that said documents and/or any materials or information included therein is privileged and is otherwise non-discoverable.

10. <u>Declassification.</u> A party (or an aggrieved person or entity permitted by the Court to intervene for such purpose) may file a motion seeking a Court order that a document or documents stamped as confidential are not entitled to be treated as "Confidential Matter". The person or entity that designated the document(s) as confidential shall be given notice and an opportunity to respond. To maintain confidential status, the proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the document(s) to have such protection.

11. <u>Return of Confidential Matter.</u> Within thirty (30) days after termination of this action, copies of all Confidential Matter shall either be destroyed, or upon request of Defendant's counsel (for documents produced by that Defendant) or Plaintiff's counsel (for documents produced by Plaintiff), returned to either Defendant or Plaintiff at that party's expense. Counsel for the respective party shall certify in writing that such Confidential Matter has been destroyed or returned.

12. <u>Scope of Order.</u> This Order applies only to pretrial proceedings in this action. Confidentiality rules, if any, covering the trial of this action will be set forth in a pretrial stipulation to be drafted by the Parties and submitted to the Court. In the event that the Parties are unable to stipulate as to the confidentiality rules, the Court will set forth the confidentiality rules to protect the Parties' interests.

13. <u>No Admissions.</u> Nothing herein shall be construed to be an admission of relevance or to affect, in any way, the admissibility of any documents, testimony, or other evidence in this action. This Order is without prejudice to the right of any party to bring before the Court at any time the question of whether any particular information is or is not discoverable or admissible in this case and such right is expressly reserved.

14. <u>Settlement, Judgment, or Other Disposition.</u> This Order shall survive any settlement, judgment, or other disposition or conclusion of this action and all appeals therefrom and this Court shall retain jurisdiction in order to enforce the terms of this Order after final termination of this action, whether by final judgment or settlement, including the expiration of any time for appeal. Following such final termination, each party or other person subject to the terms of this Order shall be under an obligation to return or destroy all documents containing information designated as Confidential Matter and all copies, extracts, and summaries.

15. <u>Party's Own Use.</u>  This Order has no effect upon, and its scope shall not extend to, any Party's use of its own Confidential Matter.

16. <u>HIPAA Documents.</u>  Documents that contain personal health information as defined by HIPAA are subject to discovery in this case, and are to be produced just like any other document.  However, the party receiving documents that contain such personal health information that falls under HIPAA shall not be disseminated to a third party (unless in trial or in deposition), and shall be redacted so the third party cannot identify the specific individual, unless the identity of the person and the extent of the care that they received or did not receive is an issue in the case.  Concerning any dissemination in the public court file, documents containing any such information must be redacted so anyone who reads the document will not be able to determine the identity of the individual, such as by redacting any social security number or possibly a first or last name.

17. By operation of the Parties' agreement and Court Order, the Parties are specifically afforded the protections of Federal Rule of Evidence 502(d) and (e).

18. Because the purpose of this Stipulation is to protect and preserve privileged and/or Confidential Matter, the Parties agree they are bound as follows from and after the date their counsel sign it, even if such execution occurs prior to Court approval.  Once executed by the Parties, the Stipulation shall be by treated by the Parties as an Order of Court until it is formally approved by the Court.

Stipulated to this 23rd day of July 2015.

*Attorneys for Plaintiff:*

*/s/ Rachel L. Goldstein*
Rachel L. Goldstein, Esq.
Florida Bar No.: 0095973
E-Mail: rgoldstein@justdigit.org
Matthew W. Dietz, Esq.
Florida Bar No.: 0084905
E-mail: mdietz@justdigit.org
Disability Independence Group, Inc.
2990 Southwest 35th Avenue
Miami, Florida 33133
Telephone: (305) 669-2822
Facsimile: (305) 442-4181

*Attorneys for Defendant:*

*/s/ Jorge Zamora, Jr.*
Jonathan A. Beckerman
Florida Bar No.: 0568252
E-mail: jabeckerman@littler.com
Jorge Zamora, Jr.
Florida Bar No.: 0094713
E-mail: jzamora@littler.com
LITTLER MENDELSON, P.C.
Wells Fargo Center
333 SE 2nd Avenue, Suite 2700
Miami, FL  33131
Tel.: 305.400.7551
Fax: 305.418.7423